### SCHEER v. SCHEER.
No. 59 C 5368.

Circuit Court, Dade County.

August 18, 1960.

Marlow & Sinnamon, Miami, for plaintiff.

Paul & Sams, Miami, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

In this case the plaintiff, Ruth M. Scheer, sued the defendant, Peter F. Scheer, for divorce. She prayed for the sole care, custody and control of the two minor children of the parties. The defendant by his answer, denied that the plaintiff had substantially contributed to the equity of the parties in the real property described in paragraph 7 but admitted the remaining allegations thereof, together with those contained in paragraphs 1, 2 and 3 of the complaint. Paragraph 8 contained the charge that plaintiff was a fit and proper person for the sole care and custody of the minor children and that she desired permanent custody of the children, with reasonable rights of visitation to the defendant. He denied the allegations in paragraphs 4, 5, 6, 8 and 9.

At the final hearing, an agreement properly executed by the parties was introduced in evidence without objection. It was dated August 18, 1959 — one year ago today. It provided in paragraph 3 that the wife should have custody of the children subject to the following —

(a) The husband shall have the right to visit the children at any reasonable time, and the wife shall afford the husband every reasonable opportunity to enjoy these rights. The husband shall also have the right to have the children visit him on Saturday of each week and for four weeks during the summer school vacation period. In the event the wife should leave Dade County, Florida, and make her home elsewhere, the husband shall have the right to have the children visit him for eight weeks during the summer school vacation period.

(b) The parties shall confer with each other on all important matters pertaining to the children's health, welfare, education and upbringing with a view to arriving at a harmonious policy calculated to promote the children's best interests.

(c) Notwithstanding the possible remarriage of the wife, the children shall continue to be known under the husband's surname. They shall not for any purpose or for any reason use or assume the name of any subsequent husband of the wife. The parties shall see to it that the designations "father" and "mother" or their equivalents shall be used by the children to refer to the parties hereto and to no other persons.

(d) Neither party shall put any obstacle in the way of the maintenance, love, and affection between the children and the other party nor shall either party do anything to attempt to estrange the children from the other party.

4. The husband shall during the joint lives of the parties make the following payments to the wife for the support, maintenance and education of the children:

(a) The sum of $15 a week for each child until the child dies, marries or reaches the age of twenty-one, whichever event first occurs. These payments shall be made in advance on Monday of each week commencing August 24, 1959. The husband shall not be obligated to make a payment

to the wife for a child during any period that the child is visiting with him.

(b)   The parties acknowledge that the payments by the husband will constitute more than one-half of the cost of supporting one of the children and that the husband shall be entitled to claim Peter David as a dependent for Federal income tax purposes.

The court, in its final decree of August 19, 1959, approved the property settlement agreement and found that the plaintiff, Ruth M. Scheer, was a proper person to have the complete custody and control of the minor children, but the defendant was granted reasonable rights of visitation. It also provided that the court retain jurisdiction of the cause for modification and changes in the terms and conditions of the decree and for changes in custody and control of the minor children of the parties.

Notwithstanding the agreement of the parties and the provisions of the final decree, the defendant, Peter F. Scheer, who incidentally has remarried since the decree was entered, has petitioned for modification of the decree and alleges that the respondent is not a fit and proper person to continue to have custody of the minor children of the parties. He alleges that —

4.   Respondent is not a fit and proper person to continue to have custody of the minor children of the parties. Since the children have been in respondent's sole custody, respondent has shown no interest in the welfare and wellbeing of the children and has not evidenced the love, affection and devotion of a mother. Respondent frequently goes out in the evenings and leaves the children home alone and unattended. On one occasion when Peter was ill, respondent allowed him to remain home alone with no one to look after him although petitioner would have cared for him had he been permitted to do so. Respondent provides the children with no companionship and engages in no activities with them. Respondent does not take any interest in the children's school work and never helps them with their studies. Respondent seldom looks after the children's needs and requires them to do ironing, cleaning, washing and cooking. Respondent has called the children juvenile delinquents and on occasions has beaten and bruised Donna without provocation. Respondent has stated that she would rather see the children dead than for petitioner to have them, has told the children petitioner does not love them and has sought to obstruct the relationship between petitioner and the children. Respondent has also upset the children severely on occasions by having men stay in the home overnight.

5.   As a result of respondent's neglect and mistreatment of the children, the children have become upset and disturbed and are extremely unhappy. The children feel that respondent does not want or love them and only wishes to hurt petitioner by keeping them. The children's only happy moments are when they are with petitioner. The children love petitioner and want to make their home with him. The children do not want to live with respondent.

6. Petitioner is a fit and proper person to have custody of the children. Petitioner was remarried on December 26, 1959 to Lorlei Caravetta who also has two children: Frederick Joseph Caravetta born January 29, 1952 and Edward Charles Caravetta born January 14, 1954. Petitioner and his present wife have their own home and are well able to care for Donna and Peter and provide them with all the necessities of life. Donna and Peter have visited in the home of petitioner and his present wife and are fond of petitioner's wife and her children. Petitioner's wife and her children are fond of Donna and Peter and want them to live with them.

7. Petitioner is devoted to his children and has given them all of the love, attention and affection of a father. Petitioner spends all of the time he can with his children and they engage in many activities together. Petitioner helps the children with their school work and has tried to see that they have proper medical attention. Petitioner wants to provide his children with a normal family life and give them the companionship, direction and guidance of a father.

The court heard voluminous testimony on the issues made by the petition to modify the decree and came to the conclusion, somewhat reluctantly, that the petitioner is largely at fault for the situation that now exists. During the times when he has custody of the children, he treats them royally. As above stated, he has remarried and his present wife has two children somewhat younger than his own, but his children are made exceedingly happy during their visits and at other times he calls the children at their mother's home every day, which is a little unusual. It seems rather strange to the court that Mrs. Scheer one short year ago was admittedly a fit person to have the custody of the children of the parties and today she is not. It occurs to the court that the petitioner has deliberately entered upon a plan to make these children dissatisfied with their mother and crave their father's companionship. This is not in the best interests of the children. No one knows whether his second marriage is going to be successful any more than the first one was, and it may well be that he will shortly find himself divorced from wife number 2 and the children without a home again. The mother works and she affords reasonable attention to her children. There is no basis in the evidence for the charge that she neglects them. That they prefer to live in their father's new domicile and enjoy the companionship of a newly made family is a matter of his own doing. Apparently he set out on a plan to deliberately alienate the children from their mother. Children of these tender years are notoriously prone to prefer the parent out of whom they can get the most; some of them never outgrow it.

The court feels, in the circumstances, the petition should be denied and the petitioner's rights of visitation cut off to prevent

his carrying out what the court believes is a scheme to alienate the children's affections from the mother.

Accordingly, the prayer of the petition will be denied and the final decree amended so as to provide that the defendant, Peter F. Scheer's rights to visitation are hereby terminated.